475 So.2d 1352 (1985)
John G. ARIKO, Jr., Appellant/Cross-Appellee,
v.
Mary Ann ARIKO, Appellee/Cross-Appeal.
No. 84-1157.
District Court of Appeal of Florida, Fifth District.
October 3, 1985.
*1353 David H. Simmons and Susan W. Gibson, Orlando, for appellant/cross-appellee.
John M. Cain, Orlando, for appellee/cross-appellant.
ORFINGER, Judge.
The husband appeals from a judgment of dissolution of marriage. We find no abuse of discretion, as measured by the standards of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), in those portions of the final judgment distributing property and awarding alimony, but we do find an abuse of discretion in the award of attorney's fees to the wife.
The trial court equitably distributed the substantial assets acquired by the parties during their marriage. In addition, the final judgment requires the husband to be responsible for all the debts and obligations incurred during the marriage, some of which are potentially large tax liabilities the existence and extent of which are not yet ascertained. The wife and the husband were permitted to retain ownership of property and bank accounts titled in their individual names. The wife was required to transfer to the husband her interest in jointly owned property, in exchange for which the husband was required to pay her $250,696. In addition, the wife was awarded $120,000 in lump sum alimony. Thus, it appears that the wife has received at least an equal share of the substantial marital assets.
Section 61.16, Florida Statutes (1983) provides for an award of attorney's fees in a dissolution proceeding to insure that both parties have similar ability to secure competent legal counsel. Where one spouse has a superior financial ability to secure counsel, it is not necessary for the other spouse to be completely unable to pay attorney's fees in order to be entitled to an award of such fees. Canakaris, 382 So.2d at 1205. On the other hand, where the parties to a dissolution are equally able to pay attorney's fees, it is an abuse of the court's discretion to require one spouse to pay the other's attorney's fees. Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982). When the court makes a truly equitable distribution of the assets, it is an abuse of discretion to require one party to pay the other party's attorney's fees where, on the basis of such distribution, each party has substantially equal ability to pay such fees. McIntyre v. McIntyre, 434 So.2d 61 (Fla. 5th DCA 1983).
The wife here had substantially the same ability to pay her attorney as did the husband, so the award of attorney's fees to the wife is erroneous and is hereby reversed. In all other respects, the final judgment is affirmed.
AFFIRMED in part and REVERSED in part.
COBB, C.J., and COWART, J., concur.