480 So.2d 706 (1986)
David F. SUMNER, Appellant,
v.
Shirley L. SUMNER, Appellee.
No. 85-87.
District Court of Appeal of Florida, Fifth District.
January 2, 1986.
*707 Franklin T. Walden of Massey, Alper & Walden, P.A., Altamonte Springs, for appellant.
Mack N. Cleveland, Jr. of Cleveland & Bridges, Sanford, for appellee.
UPCHURCH, Judge.
David Sumner appeals from a final judgment of dissolution of marriage in which his former wife was awarded lump sum alimony, partial attorney's fees and as rehabilitative alimony the reasonable and necessary costs incurred by the wife for medical treatment.
Because rehabilitative alimony is awarded for the purpose of allowing a spouse to attain financial independence during a specified time, it was improper to award rehabilitative alimony without limitation as to time or amount. See Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976). We reverse the rehabilitative alimony award and remand the cause to the trial court to establish a limit of time and amount for the award.
The parties appear to have received an equitable distribution of assets. With these assets added to a recent inheritance, the wife has a greater net worth than the husband. Since the wife had substantially the same ability to pay for legal services as did the husband, the award of attorney's fees to the wife was erroneous and is reversed. See Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985).
AFFIRMED in part; REVERSED in part and REMANDED.
COBB, C.J., and SHARP, J., concur.