487 So.2d 1080 (1986)
Thad Richard SIZEMORE, Jr., Appellant,
v.
Marion Lucille SIZEMORE, Appellee.
No. 85-740.
District Court of Appeal of Florida, Fifth District.
March 6, 1986.
Rehearing Denied April 18, 1986.
*1081 Berrien Becks, Jr., of Becks, Becks & Wickersham, Daytona Beach, for appellant.
Garrett L. Briggs, of Adams & Briggs, Daytona Beach, for appellee.
SHARP, Judge.
The former husband seeks to overturn a dissolution decree on the grounds that the trial judge abused his discretion in making awards of permanent alimony and attorney's fees. Although the awards received by the former wife were generous, we cannot say, based on this record, no reasonable man would take the view adopted by the trial court. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
However, we do find error in the trial court's $5,000.00 award of attorney's fees to the wife, to be paid by the husband. She was awarded $575.00 per week in alimony, $200.00 per week in child support, and $333,500.00 in marital assets. The former husband received $535,258.00 in assets, and has enjoyed an average income of at least $90,000.00[1] per year (exclusive of corporate fringe benefits which he has enjoyed in the past), together with other side business income. Where the parties depart the marriage in relatively equal economic circumstances, it is error to award attorney's fees to one party. Sumner v. Sumner, 480 So.2d 706 (Fla. 5th DCA 1986); Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985).
AFFIRMED IN PART; REVERSED IN PART.
UPCHURCH, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting:
I respectfully dissent.
In my opinion the amount of the alimony is excessive. The appellant does not earn an average income of $90,000. The record reflects that his source of income is a one-man corporation engaged in the construction business, which corporation has suffered a loss of contracts and thus a loss of income in the most recent times. His income for the relevant time period, at the time of the divorce, was $33,000 for six months which, of course, would be a projected annual gross income of $66,000. He is required, then, to pay appellee $40,300 in alimony and child support where the record shows he will only gross, before taxes, $66,000. Further, the record indicates that the corporation would be in a deficit situation in order to pay the $66,000 salary to appellant.
While I realize that if the husband fails next year to earn the "average" income of $90,000 mentioned in the majority opinion that the husband would be entitled to seek a reduction in alimony payments, I still am *1082 convinced it was error to award that excessive amount in the first place. I agree appellee should pay her own attorney's fees. Anyone with over $300,000 in assets and a $30,000 per year income (plus $10,400 child support) can afford to pay a good lawyer.
NOTES
[1] The husband's 1983 tax returns showed gross income in excess of $182,000.00, exclusive of corporate fringe benefits. However, the husband testified that for the first six months of 1984 his income was only $33,000.00. The record reveals it was impossible for the trial judge to arrive at an accurate figure which would represent the husband's real income. He therefore averaged the husband's gross income for the years 1979, 1980, 1981, 1982 and 1983 to arrive at the $90,000.00 figure.