LETTS, Judge,
dissenting in part.
I concur in the affirmance, with the exception of the requirement that the husband pay the wife’s attorney’s fees assessed at $30,000.
In round figures after dissolution, the wife ended up with over $500,000, vis-a-vis the husband’s net worth of just over $600,-000. I am aware that the husband’s income is at least $150,000 per year, whereas the wife, largely unemployed during the marriage, must now go out into the marketplace at whatever modest salary a degree in guidance counselling will produce.[1] However, she leaves the marriage with over a half-million dollars in assets (including $65,000 in ready cash) largely acquired, albeit during the marriage, because of her husband’s clever business acumen. Needless to say, any earned income she may enjoy will be augmented by income from her share of the distribution.
There is no bright-line test controlling who must pay the attorney’s fees incurred during divorce proceedings. It is true that the husband, more often than not, is required to do so when he is in a superior financial position. However, that superiority here is largely in earned income rather than assets.
The wife, in this case, is more than able to pay her own way. As I see it, if she were required to do so, there would be no *712 resulting adverse diminution in her assets of the magnitude proscribed by Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla.1980). There ought to be an outer limit beyond which a husband should not have to shell out for the wife’s attorney’s fees. This case presents facts which indicate to me that that limit has been exceeded. See Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985). I would make her pay her own fees.

. She also has a real estate license, but no track record in this field.