497 So.2d 909 (1986)
Gerard P. KINZLER, Appellant,
v.
Betty Jo KINZLER, Appellee.
No. 85-1815.
District Court of Appeal of Florida, Fifth District.
October 16, 1986.
Rehearing Denied November 20, 1986.
*910 Raymond L. Goodman, Orlando, for appellant.
Seymour Benson, Orlando, for appellee.
ORFINGER, Judge.
The former husband appeals from a final judgment of dissolution of marriage, contending that the trial court erred in awarding permanent periodic alimony and attorney's fees to the former wife. We agree on both issues and reverse.
The evidence before the court showed that the husband and wife, of similar age and in good health, each had master's degrees and were gainfully employed in their respective professions. Although the gross income of the husband is somewhat higher than that of the wife, when the husband's income is considered in light of the husband's child support obligations, his disposable income is actually less than that of the wife. Not only is the wife currently self-supporting, it appears that her standard of living has improved somewhat since the parties separated. Under these circumstances the award of permanent periodic alimony was an abuse of discretion, thus error. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Although not raised by either party, we note that the payment of permanent periodic alimony was not ordered to begin until a future date (the older daughter's graduation from high school), which was erroneous. Just as this court held in Spanogle v. Spanogle, 376 So.2d 249 (Fla. 5th DCA 1979) that it is error to order an automatic increase in alimony in the future when child support payments end, it is likewise error to order the start of alimony payments at a point in the future. The determination of a need for alimony is based on the evidence of present need and ability to pay. There is no way to predetermine those factors for some future time. See also Reid v. Reid, 365 So.2d 1050 (Fla. 4th DCA 1978) (it is error for a trial court to order an automatic increase in alimony once child support obligations cease by merely redesignating the amount of the payments as alimony rather than child support without a showing of need and ability at that time).
It was also error for the trial court to order the husband to contribute to the wife's attorney's fees. "Where the parties depart the marriage in relatively equal economic circumstances, it is error to award attorney's fees to one party." Sizemore v. Sizemore, 487 So.2d 1080 (Fla. 5th DCA 1986); Sumner v. Sumner, 480 So.2d 706 (Fla. 5th DCA 1986).
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.