516 So.2d 1090 (1987)
Charles B. FLANDERS, Appellant/Cross-Appellee,
v.
Grace FLANDERS, Etc., Appellee/Cross-Appellant.
No. 86-2251.
District Court of Appeal of Florida, Fifth District.
December 17, 1987.
*1091 Mack N. Cleveland, Jr. of Cleveland & Bridges, Sanford, for appellant/cross-appellee.
W.J. Heffernan of Heffernan & Rabinowitz, P.A., Altamonte Springs, for appellee/cross-appellant.
COWART, Judge.
When the marriage of the parties was dissolved in 1974, an oral but recorded stipulated property settlement agreement was approved, ratified, and confirmed by the final judgment of dissolution. Later a sale of some jointly owned marital property was made pursuant to the property settlement agreement. When the parties could not agree as to the distribution of the sale of proceeds, the ex-wife filed a Petition for Accounting and for Equitable Distribution of Property Proceeds, and the ex-husband filed a Motion for Enforcement of the Final Judgment. The trial court construed the 1974 stipulated property settlement, ordered a division of the sale proceeds according to his interpretation of the parties' agreement, and ordered the ex-husband to pay an award of attorney's fees to the ex-wife. The ex-husband appeals and the ex-wife cross-appeals. We affirm the trial judge's interpretation of the parties' property settlement agreement and reverse the award of attorney's fees to the ex-wife.
The ex-wife views this post-judgment proceeding as somewhat of an original proceeding to establish her right to an "equitable distribution" of the property sale proceeds although that legal doctrine has been largely established in the domestic relation law of this state since the parties' dissolution in 1974. This proceeding does not involve the concept of "equitable distribution." The court did not make an equitable distribution of the property of the parties  they made the agreement settling their joint property interests as they then deemed fair. In the absence of facts supporting a reformation in equity, courts have no authority to modify a property settlement agreement. Bockoven v. Bockoven, 444 So.2d 30 (Fla. 5th DCA 1983). On the ex-husband's timely motion for rehearing of the court's first order in this proceeding, the trial court had jurisdiction to change its earlier determination and to enter the appealed amended final order. Such amended final order did not modify the parties' property settlement agreement nor had the ex-wife acquired vested property rights under the first order that was amended on rehearing.
*1092 Because the final judgment of dissolution ordered performance of the parties' property settlement agreement, this proceeding can be viewed procedurally as one to enforce the 1974 final judgment of dissolution. The ex-husband seems to view it this way but that view tends to support the ex-wife's claim for attorney's fees under section 61.16, Florida Statutes. However, notwithstanding the parties' views and the fact that the final judgment approved and ordered the parties to perform their property settlement agreement,[1] in real legal substance, this is merely an equitable declaratory proceeding to construe the parties' property agreement and to enforce it. Neither party is entitled to an award of attorney's fees because the property settlement agreement contains no provision for attorney's fees in litigation involving the agreement, and section 61.16, Florida Statutes, should not be applied.
Even if section 61.16, Florida Statutes, were held to be applicable to enforcement of this property settlement agreement, it should not be applied to the facts of this case. Under the appealed amended final order, the ex-wife receives sale proceeds of $23,675 cash and accrued interest on that sum which gives her ample proceeds from which to pay her attorney a reasonable fee for his representation of her in this proceeding.[2]
The award of attorney's fees to the ex-wife is reversed. The amended final order is otherwise affirmed.
REVERSED IN PART; AFFIRMED IN PART.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] Court approval of a private contract does not change the substance or nature of that contract or the remedies provided by law for its breach. See, e.g., George Vining & Sons, Inc. v. Jones, 498 So.2d 695 (Fla. 5th DCA 1986).
[2] See, for example only, Blankenship v. Blankenship, 502 So.2d 1002 (Fla. 5th DCA 1987); Beaver v. Beaver, 500 So.2d 742 (Fla. 5th DCA 1987); Sizemore v. Sizemore, 487 So.2d 1080 (Fla. 5th DCA 1986); Sumner v. Sumner, 480 So.2d 706 (Fla. 5th DCA 1986); Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985); McIntyre v. McIntyre, 434 So.2d 61 (Fla. 5th DCA 1983).