548 So.2d 740 (1989)
Verena STRICKLER, Appellant,
v.
James W. STRICKLER, Appellee.
No. 88-2401.
District Court of Appeal of Florida, First District.
August 24, 1989.
Rehearing Denied September 26, 1989.
R. John Westberry, Pensacola, for appellant.
Charles J. Kahn, Jr., of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellee.
PER CURIAM.
Wife appeals from a final judgment of dissolution of marriage arguing that the trial court erred by (1) failing to distribute to the wife any share in the properties held solely in the husband's name and (2) awarding the wife an insufficient amount of rehabilitative alimony.
Although the parties do not raise the issue on appeal, the final judgment purporting to dissolve their marriage is silent in this respect. Neither does it contain findings of fact or conclusions of law which would permit any kind of meaningful appellate review of the division of property in issue or the award of rehabilitative alimony.
Accordingly, the final judgment appealed from is reversed and remanded with instructions to the trial court to enter an amended final judgment dissolving the marriage, if such is supported by the evidence, and containing findings of fact supporting any division of assets or award of alimony. In fashioning the amended final judgment, the trial judge may wish to review the following authorities: section 61.075(1)(g), Florida Statutes (Ch. 88-98, Laws of Florida); Macaluso v. Macaluso, 523 So.2d 615 (Fla. 2d DCA 1988); Buttner v. Buttner, 484 So.2d 1265 (Fla. 4th DCA 1986); Turner v. Turner, 529 So.2d 1138 (Fla. 1st DCA 1988); Miceli v. Miceli, 533 So.2d 1171 (Fla. 2d DCA 1988) and Pardue v. Pardue, 518 So.2d 954 (Fla. 1st DCA 1988).
Reversed and remanded with instructions.
SMITH and MINER, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.