554 So.2d 629 (1989)
Frank BALL, Appellant/Cross Appellee,
v.
Zita L. BALL, Appellee/Cross Appellant.
Nos. 88-1295, 88-2548.
District Court of Appeal of Florida, Fourth District.
December 28, 1989.
Rehearing and Rehearing Denied January 25, 1990.
Amy Shield Levine of Levine and Levine, P.A., Boca Raton, and Robert H. Springer, Palm Springs, for appellant, cross appellee.
Keith H. Park of Keith H. Park, P.A., West Palm Beach, for appellee, cross appellant.
Rehearing and Rehearing En Banc Denied January 25, 1990.
PER CURIAM.
We affirm the equitable distribution of property but reverse the award of attorney's fees to the wife. The financial status of the wife after the award of alimony, equitable distribution, and requirement that the husband pay joint debts leaves the parties with substantially equal resources. An award of attorney's fees under these circumstances is an abuse of discretion. Blankenship v. Blankenship, 502 So.2d 1002 (Fla. 5th DCA 1987).
WALDEN and WARNER, JJ., concur.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.
GLICKSTEIN, Judge, concurring in part and dissenting in part.
I agree that the equitable distribution should not be disturbed, but disagree with the reversal of attorney's fees.
The majority, I believe, has done a disservice to the people of this district by adopting Blankenship. In my view, the rule of that Fifth District case is too broad a rule. It should be noted that Blankenship cites only Fifth District cases for its authority. All of the Fifth District cases cited in Blankenship show the root to be that court's decision in Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985). When one *630 looks at Ariko, two things stand out. First, the wife received $120,000 in lump sum alimony. Second, Ariko cites Cummings v. Cummings, 330 So.2d 134 (Fla. 1976).
From a reading of Cummings it is clearly seen that the court speaks of "equal footing." It does not say "equal assets." There is, in many cases, as here, a genuine difference. A wife's assets may be equal to the husband's by a final judgment, then rendered substantially less than the husband's by requiring her to pay her attorney's fee. This wife has so little earning capacity, and the husband has not only a real earning capacity but union benefits to protect him.
Trial judges have the responsibility of producing a mosaic by their final judgments in dissolution cases. Attorney's fees can be a substantial piece of that mosaic to the party paying the fees; trial judges surely must take these prospective fees into consideration when structuring their judgments. Otherwise, it would be like planning a home, but leaving the kitchen out of the plans.
I believe the wife  and a lot of wives in this district  will be inequitably penalized by the majority's action here. Equally important, why should trial judges  or parties  believe that decisions come here with a presumption of correctness if we tamper with the exercise of sound discretion?