PER CURIAM.
After examining the record in this case we find that the age, earning ability, present income and assets of the parties after equitable distribution are sufficiently equal that neither permanent nor rehabilitative alimony should be awarded in this case.[1] Likewise and for the same reason, *83 the trial court was correct in declining to order the husband to pay the wife’s attorney’s fees.[2] Accordingly the case is affirmed in all particulars except the award of permanent periodic alimony to the wife is reversed.
REVERSED.
COWART and PETERSON, JJ., and ANTOON, J., II, Associate Judge, concur.

. See Kinzler v. Kinzler, 497 So.2d 909 (Fla. 5th DCA 1986); Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983), rev. denied, 453 So.2d 1364 (Fla.1984); see also Pirino v. Pirino, 549 *83 So.2d 219 (Fla. 5th DCA 1989) (Pirino II); Woodard v. Woodard, 477 So.2d 631 (Fla. 4th DCA 1985), rev. denied, 492 So.2d 1336 (Fla.1986); Potter v. Potter, 477 So.2d 67 (Fla. 1st DCA 1985).

. See Powers v. Powers, 549 So.2d 791 (Fla. 5th DCA 1989); Blankenship v. Blankenship, 502 So.2d 1002 (Fla. 5th DCA 1987); Beaver v. Beaver, 500 So.2d 742 (Fla. 5th DCA 1987); Sizemore v. Sizemore, 487 So.2d 1080 (Fla. 5th DCA 1986); Sumner v. Sumner, 480 So.2d 706 (Fla. 5th DCA 1986); Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985); McIntyre v. McIntyre, 434 So.2d 61 (Fla. 5th DCA 1983).