COBB, Judge.
The husband, Robert Everette, appeals from a final judgment of dissolution claiming the trial court erred in three respects: (1) reserving jurisdiction to award attorney’s fees to the wife; (2) finding that the husband’s accumulated annual leave was a marital asset subject to equitable distribution; and (3) its mathematical treatment of payments made by the husband on the parties’ marital indebtedness after the valuation of assets and liabilities.
We agree with the husband in respect to all three points. In regard to the attorney’s fee issue, we note that the wife was awarded one-half of the marital assets (valued at $176,915.52) and earns an annual income of $34,715.00. This is sufficient to assure that the wife is at no disadvantage in obtaining legal assistance. See Nichols v. Nichols, 519 So.2d 620, 621-622 (Fla.1988); Lowry v. Lowry, 512 So.2d 1142, 1143 (Fla. 5th DCA 1987); Blankenship v. Blankenship, 502 So.2d 1002 (Fla. 5th DCA 1987); Beaver v. Beaver, 500 So.2d 742 (Fla. 5th DCA 1987); Sizemore v. Sizemore, 487 So.2d 1080 (Fla. 5th DCA 1986); Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985). Accordingly, we reverse the trial court’s retention of jurisdiction to award attorney’s fees.
The husband also argues that it was error for the trial court to find that the gross amount of his 240 hours of accumulated annual leave constituted an asset to be utilized in equitable distribution of the marital estate. The evidence before the trial court was that the husband, who began working for the United States Government in June, 1963, could accumulate up to 240 hours of leave (30 days) on the books. The husband testified that he has traditionally carried forward 240 hours “all my life” as accident insurance, and the evidence of record establishes that he accrues leave at 26 days per year. The uncontroverted evidence thus established that the husband obtained all of the leave time prior to the parties’ marriage in August, 1971, as contended by the husband. This contention has not been denied by the wife either in her brief or at oral argument. The accu *1116 mulated leave time was not a marital asset subject to equitable distribution. See § 61.075(5)(a), Fla.Stat.
We also reverse the trial court’s finding on page 13 of the judgment that the husband is owed only $2,771.17 by the wife as reimbursement for payments made by the husband on the parties’ marital indebtedness. That figure was partially the result of a mathematical miscalculation on the part of the trial court, as conceded at oral argument, and partially the result of deducting the amount of $7,231.00, the court’s evaluation of the accumulated annual leave,"from the obligation owed the husband. From the net amount of $20,438.14, $217.00 (which the husband had withdrawn from a marital account) must be deducted, leaving the wife’s share of the debt at $10,110.57.
Given the foregoing error in the court’s equitable distribution, we vacate the judgment below in respect to that distribution and remand for entry of a judgment consistent with this opinion. We note that the trial judge in this case has complied with the statutory requirement of factual findings. Cf. Bussey v. Bussey, 611 So.2d 1354 (Fla. 5th DCA 1993).
REVERSED AND REMANDED FOR ENTRY OF A CORRECTED JUDGMENT CONSISTENT WITH THIS OPINION.
GOSHORN, C.J., and DAUKSCH, J., . concur.