LAGOA, J.
Edson Carlos De Campos (“Former Husband”), appeals the denial of his Petition to Determine Entitlement to and Award Attorney’s Fees and Costs and the denial of his rehearing motion. For the following reasons, we reverse.
I. FACTUAL AND PROCEDURAL HISTORY
On February 22, 1991, a Final Judgment dissolving the parties’ marriage was entered by the trial court, which incorporated the parties’ Property Settlement Agreement. The trial court also retained jurisdiction to enforce the Final Judgment and the Property Settlement Agreement. Pursuant to the terms of the parties’ Property Settlement Agreement, the parties were each to receive one-half of the proceeds from the sale of the parties’ company, Plant Care.
On August 29, 2008, in violation of the trial court’s Final Judgment and the parties’ Property Settlement Agreement, Yolanda Carmen Ferrara (“Former Wife”) sold the parties’ business, Plant Care, without revealing the sale of the business to the Former Husband. The Former Wife also misappropriated all of the proceeds from the sale of Plant Care. In addition, once the sale of the business was ultimately revealed to the Former Husband, the Former Wife fraudulently misrepresented the amount of the proceeds that resulted from the sale in an effort to reduce any potential liability to the Former Husband.
On November 5, 2008, the Former Husband filed a Verified Emergency Supplemental Petition for an Ex-Parte Temporary Injunction Preserving the Status Quo and Freezing Sales Proceeds, for an Order Compelling Payment, Contempt, and Other Relief with the trial court. The trial court determined that the Former Husband’s Petition should be treated as a petition for enforcement and granted a temporary injunction. The Former Wife subsequently filed an Emergency Petition to Dissolve the Injunction and argued that she had already previously satisfied the requirements of the Property Settlement Agreement. Specifically, the Former Wife contended that in February 1993 she incorporated a business called Plant Care, Inc. and transferred the assets and liabilities of Plant Care to Plant Care, Inc. The Former Wife argued that this constituted a “sale” of the business within the meaning of the Property Settlement Agreement and, in accordance therewith, she paid Former Husband $48,000, which constituted approximately half of the sales of Plant Care at the time of the transfer from Plant Care to Plant Care, Inc. The Former Husband contended that the $48,000 payment did not relate to Plant Care, Inc.
The trial court granted the Former Wife’s Petition to Dissolve the Temporary Injunction and ordered that the sum of *867 $152,500, which represented fifty percent of the proceeds from the 2008 sale of the assets of Plant Care, Inc., be held in escrow until the trial court held an evidentia-ry hearing on the Former Husband’s Petition for Temporary Injunction Preserving the Status Quo and Freezing Sales Proceeds for and an Order Compelling Payment, Contempt and Other Relief. A final evidentiary hearing was subsequently held on November 17, 2009. The trial court ruled in favor of the Former Husband, concluding that the $48,000 paid by the Former Wife to the Former Husband in 1998 was for the Former Husband’s contributions to the construction of the home that the parties resided in during their marriage, and that it did not represent payment for any interest in, or value of, Plant Care. The trial court further ruled that the Former Husband was presently entitled to one-half of the net proceeds received by the Former Wife at the closing of the sale of Plant Care, Inc. on August 28, 2008. The trial court deferred ruling on the issue of whether the Former Husband was entitled to an award of attorneys’ fees in the matter and the amount, if any, of such fees.
On December 17, 2009, the Former Husband filed his Petition to Determine Entitlement to and Award Attorney’s Fees and Costs and a hearing was held before the trial court on March 18, 2010. On May 3, 2010, the trial court entered an Order denying the Former Husband’s request for an award of attorney’s fees and costs from the Former Wife. The trial court determined that the Former Husband’s action was essentially an equitable declaratory proceeding to construe and enforce the parties’ Property Settlement Agreement. Applying Flanders v. Flanders, 516 So.2d 1090 (Fla. 5th DCA 1987), the trial court concluded that: (1) the property settlement agreement, not section 61.16, Florida Statutes (2010)[1] governed the issue of entitlement to attorney’s fees, and (2) because the property settlement agreement at issue did not provide for an award of attorney’s fees, the Former Husband was not entitled to fees.
On May 18, 2010, the Former Husband filed a Motion for Rehearing and a hearing was held. On October 20, 2010, the trial court entered an Order denying the Former Husband’s Motion for Rehearing. While the trial court expressed its belief in both Orders that equity entitled the Former Husband to an award of attorney’s fees from the Former Wife, it concluded that it was bound by the authority of Flanders to deny the Former Husband’s Petition for attorney’s fees. This appeal ensued.
II. ANALYSIS

Nature of the Proceedings Below

The Former Husband contends that the trial court erroneously relied upon Flanders in denying his request for an award of attorney’s fees and costs from the Former Wife, as the pleading filed with the trial court was not an equitable declaratory proceeding to construe the parties’ Property Settlement Agreement but a pleading to enforce it. Although the trial court correctly sought to look to the “real legal substance” of the proceedings before it in order to determine the Former Husband’s entitlement to an award of attorney’s fees, we cannot agree with the trial court’s conclusion that the proceedings *868 were essentially declaratory in nature. At their essence, the proceedings before the trial court were for enforcement of a final judgment previously entered by the court. Therefore, the issue of the Former Husband’s entitlement to attorney’s fees is properly governed by section 61.16(1), Florida Statutes.
In Flanders, a sale of jointly owned marital property was made pursuant to the parties’ property settlement agreement. Flanders, 516 So.2d at 1091. When the parties could not agree as to the distribution of the sale of proceeds, the ex-wife filed a Petition for Accounting and for Equitable Distribution of Property Proceeds, and the ex-husband filed a Motion for Enforcement of the Final Judgment. Id. The trial court construed the stipulated property settlement, ordered a division of the sale proceeds according to his interpretation of the parties’ agreement, and ordered the ex-husband to pay an award of attorney’s fees to the ex-wife. Id. The ex-husband appealed the award of attorney’s fees and the court reversed, holding that
[I]n real legal substance, this [was] merely an equitable declaratory proceeding to construe the parties’ property agreement and to enforce it. Neither party is entitled to an award of attorney’s fees because the property settlement agreement contains no provision for attorney’s fees in litigation involving the agreement, and section 61.16, Florida Statutes, should not be applied.
Id. at 1092.
A petition for a declaratory judgment asks the court to define the legal relationship between the parties and them rights with respect to the matter before the court, without ordering that anything be done or awarding damages. “Section 86.011(1), Florida Statutes (2009), confers upon the circuit courts jurisdiction to render declaratory judgments as to the existence or nonexistence of any ‘immunity, power, privilege or right.’ However, in order to properly invoke the jurisdiction of the circuit court, the party seeking a declaration must ... show that he is in doubt as to the existence or nonexistence of some right or status, ... [and] that there is a bona fide, actual, present, and practical need for the declaration....” State, Dep’t of Envtl. Prot. v. Garcia, — So.3d -, -, 2011 WL 3300540 (Fla. 3d DCA 2011); see also Kelner v. Woody, 399 So.2d 35 (Fla. 3d DCA 1981).
There was no such doubt on the part of the Former Husband in this case. The parties’ Property Settlement Agreement provided, in pertinent part, that the husband “is to receive one-half of the proceeds from the sale of the company, Plant Care, which is owned by [the wife].” The Former Husband had no doubt as to his rights under the parties’ Property Settlement Agreement and was merely seeking to enforce the Agreement by compelling the Former Wife to provide him with his equal share of the proceeds from the sale of Plant Care. He did not assert any “doubt about the existence or non-existence of his rights or privileges.” Garcia, — So.3d at - (quoting Conley v. Morley Realty Corp., 575 So.2d 253, 255 (Fla. 3d DCA 1991)); see also Kelner, 399 So.2d at 38. Moreover, the Former Wife did not contest the Former Husband’s rights under the Property Settlement Agreement. Rather, she contended that the Former Husband’s rights already had been satisfied and her obligations under the agreement had been discharged.
Unlike Flanders, the trial court, here, was not called upon nor required to interpret or construe the parties’ Property Settlement Agreement. The trial court was required to determine whether the Former Husband’s rights under the Property Settlement Agreement had been satisfied, or whether enforcement of those *869 rights was required. Therefore, this was an enforcement proceeding to enforce the parties’ Property Settlement Agreement, not an action to interpret or declare the parties’ rights under the agreement. Flanders is therefore distinguishable on that basis.
Because the petition in this matter invoked the trial court’s jurisdiction under chapter 61, which it had acquired and retained over the Former Husband and Former Wife in the dissolution proceedings, to enforce the agreement as incorporated into the judgment, section 61.16(1) is applicable to the proceedings below. Cf. Battista v. Battista, 585 So.2d 459, 461 (Fla. 1st DCA 1991) (reversing award of section 61.16(1) fees as petition for declaratory judgment, which was a separate action, was not filed under chapter 61 and “§ 61.16, Florida Statutes (1989), does not apply in the absence of a marital relationship unless the matter pertains to an enforcement or modification of the final decree”).

Law Governing Parties' Entitlement to Fees

The Former Wife contends that the parties’ Property Settlement Agreement governs the Former Husband’s rights to fees and she argues that the absence of a fee award provision in the settlement agreement precludes a statutory fee award under section 61.16(1). Florida courts generally have held that a party to a property settlement agreement can waive his statutory right to an award of attorney’s fees in an enforcement proceeding,[2] but such waiver depends upon express language to that effect. See Sasnett v. Sasnett, 683 So.2d 177, 178 (Fla. 2d DCA 1996) (“In order to find that a waiver of rights has occurred, the language used in the agreement must clearly and unambiguously express waiver or the language must be such that an interpretation of the agreement as a whole can lead to no other conclusion but waiver.”); Scott v. Scott, 303 So.2d 683, 684 (Fla. 4th DCA 1974) (“Just as the award of attorney’s fees is dependent upon express authority to that effect (statute or contract) likewise the waiver of attorney fees should also be dependent upon express language which we find lacking in instant case.”); Posner v. Posner, 237 So.2d 186, 188 (Fla. 3d DCA 1970).
The parties’ Property Settlement Agreement contains neither a provision for the award of attorney’s fees and costs nor an express waiver of attorney’s fees and costs. Because there is no language, express or implied, in the agreement before us that can be construed as an intent to waive attorney’s fees and costs, the terms of the parties’ Property Settlement Agreement do not bar the Former Husband from seeking an award of attorney’s fees under section 61.16(1).
III. CONCLUSION
Because we find that the proceedings below were enforcement proceedings under chapter 61, Florida Statutes, and because we find that section 61.16(1), Florida Statutes (2010), rather than the parties’ Property Settlement Agreement, governs the issue of entitlement to attorney’s fees, we reverse the trial court’s order and remand for the trial court to determine the Former Husband’s entitlement to attorney’s fees under section 61.16(1).
Reversed and remanded.

. Section 61.16(1), Florida Statutes, provides, in pertinent part, as follows:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals..

. See e.g., Bane v. Bane, 775 So.2d 938, 943 (Fla.2000); Vitale v. Vitale, 31 So.3d 970 (Fla. 4th DCA 2010); Ulbrich v. Coolidge, 935 So.2d 607 (Fla. 4th DCA 2006); Dean v. Dean, 655 So.2d 243 (Fla. 3d DCA 1995).