EVANDER, J.
The former wife, Jeannette Caryi, n/k/a Jeannette Colado, appeals an order denying her motion for attorney’s fees incurred *509 in a post-judgment action to establish the former husband’s child support obligation. The record establishes that the former husband’s net income and net worth far exceed that of the former wife. Notwithstanding, the trial court denied the former wife’s attorney’s fees request, determining that: (1) based on this court’s decision in Flanders v. Flanders, 516 So.2d 1090 (Fla. 5th DCA 1987), attorney’s fees were not recoverable because the proceeding was in the nature of a declaratory.judgment action; (2) the attorney’s fees provision in the parties’ marital settlement agreement precluded an award of attorney’s fees; and (3)the former wife did not have a need for an award of attorney’s fees because her parents had provided funds to pay for litigation expenses. We reverse.
The parties married on September 16, 2000 and separated on or about August 24, 2004. Two children were born of the marriage. A final judgment of dissolution of marriage was entered on November 29, 2005, and incorporated the parties’ marital settlement agreement (MSA). The MSA provided, in relevant part, that:
(1) The former wife would be designated as the primary residential parent;
(2) The former husband would be entitled to have frequent contact with the minor children pursuant to an agreed-upon time sharing schedule;
(3) Commencing November 10, 2005, the former husband would pay the former wife “unallocated family support” in the amount of $4,750 per month with the last such payment being due on or before July 10, 2009, and $3,750 per month of “unallocated family support” from August 10, 2009 through July 10, 2010;
(4) Upon the termination of the former husband’s unallocated family support payments, the former husband would pay the former wife child support in an amount to be calculated in accordance with Florida child support guidelines; and
(5)If the parties were unable to agree on a child support amount, the former husband would pay the former wife $1,500 per month child support until the matter was resolved either by the court or by agreement of the parties.
As the July 10, 2010 date for termination of the unallocated family support payments approached, the parties exchanged financial affidavits and (unsuccessfully) attempted to negotiate a child support amount.
Ultimately, both parties filed petitions seeking the establishment of a child support amount. It would be an understatement to say that throughout much of the proceedings, the former husband, a real estate developer, was not forthcoming as to the true nature of his financial condition. In his October 26, 2010 financial affidavit, the former husband declined to provide any information as to his net worth and averred that his net monthly income was $3,162.60. After being compelled by the court to provide information regarding his net worth, the former husband eventually filed an amended financial affidavit reflecting that his net worth was approximately $4.6 million — an amount that far exceeded his net worth at the time of the dissolution of marriage. However, even in his amended financial affidavit, the former husband continued to maintain that he had little or no income. After the evidentiary hearing held on the former husband’s amended petition to establish child support, the trial court found that the former husband’s net income was to be calculated at $25,000 per month for the purpose of determining child support.
By contrast, the former wife’s financial affidavit reflected that her liabilities exceeded the value of her assets. Virtually her only asset was her residence — valued *510 by the trial court at $200,000. The first mortgage encumbering her residence was $313,562. The trial court further found that the former wife’s net income from her employment was $1,877 per month. An additional $1,900 per month income was imputed to her based on ongoing financial support that she was receiving from her parents.
After taking into account the parties’ time-sharing arrangements and health insurance costs, the former husband was ordered to pay $2,608.30 per month child support, effective August 10, 2010. Neither party has appealed that determination.
As previously noted, the trial court denied the former wife’s motion for attorney’s fees on three different grounds. We will address each separately.

Flanders v. Flanders

Pursuant to section 61.16(1), Florida Statutes (2010),
[t]he court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.
The trial court, however, determined that this case was essentially an equitable declaratory proceeding to enforce the MSA and, therefore, was governed by Flanders, rather than section 61.16. We disagree.[1]
In Flanders, pursuant to the terms of a marital settlement agreement that had been incorporated into the final judgment of dissolution, the parties sold certain jointly owned property. When the parties could not agree as to the distribution of the sale proceeds, the former wife filed a Petition for Accounting and for Equitable Distribution of Property Proceeds. The trial court then construed the agreement, ordered a distribution of proceeds pursuant to the interpretation, and granted the former wife’s request for attorney’s fees under section 61.16. This court reversed, concluding that section 61.16 was not applicable because the action below was “merely an equitable declaratory proceeding to construe the parties’ property agreement and to enforce it.” Flanders, 516 So.2d at 1092.
Flanders is readily distinguishable. The instant case was not an equitable declaratory action to resolve the distribution of proceeds from the sale of jointly owned property. Rather, it was a proceeding to establish a child support obligation — the type of action that falls squarely within the ambit of section 61.16. Additionally, we question (but need not resolve) the continuing viability of Flanders in light of the Florida Supreme Court’s later decision in Bane v. Bane, 775 So.2d 938 (Fla.2000). There, the supreme court determined that section 61.16 authorized an award of attorney’s fees to a party that was successful on a motion to set aside a property settlement agreement filed pursuant to Florida Rule of Civil Procedure 1.540(b). In doing so, the court emphasized that section 61.16 should be “liberally — not restrictively— construed to allow consideration of any factor necessary to provide justice and ensure equity between the parties.” Bane, 775 So.2d at 943 (quoting Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997)).

*511
Marital Settlement Agreement

In denying the former wife’s motion for attorney’s fees, the trial court also determined that an award of attorney’s fees was prohibited by the following provision in the parties’ 2005 marital settlement agreement:
The parties shall each be responsible for his or her own attorneys’ fees and costs associated with this matter.
Again, we disagree with the trial court’s analysis.[2] Waiver is “the voluntary and intentional relinquishment of a known right.” Raymond James Fin. Servs. v. Saldukas, 896 So.2d 707, 710 (Fla.2005). When an attorney’s fees provision in a marital settlement agreement does not contain specific language waiving attorney’s fees in future enforcement or modification proceedings, Florida courts have found that these fees are not waived. Tucker v. Greenberg, 674 So.2d 807, 810 (Fla. 5th DCA 1996) (provision in marital settlement agreement specifying that each party was responsible for their own attorney’s fees but could recover from a party contesting or failing to abide by the agreement did not preclude award of attorney’s fees in modification proceeding); Hughes v. Hughes, 553 So.2d 197, 198-99 (Fla. 2d DCA 1989) (holding that provision in parties’ marital settlement agreement requiring parties to pay their own attorney’s fees and costs did not apply to proceedings to modify child support).
Here, there was no language in the MSA reflecting an intent by either party to waive the right to seek an attorney’s fee award in a subsequent action to establish the former husband’s child support obligation upon the termination of his obligation to pay unallocated family support.

Former Wife’s Need

The purpose of section 61.16 is to ensure that both parties have similar ability to secure legal counsel. Kelly v. Kelly, 925 So.2d 364, 368 (Fla. 5th DCA 2006). However, a litigant should not have to deplete his or her assets in order to pay legal fees when the other party has a far superior financial ability to pay for these costs. Id. at 368-69.
In the instant case, the trial court’s conclusion that the former wife did not have a “need” for an award of attorney’s fees is not supported by the record. The litigation below was contentious and protracted, in significant part because of the former husband?s reluctance to fully and accurately disclose his financial status. While the evidence did establish that the former wife’s parents had provided the funds to pay her litigation expenses, the uncontro-verted testimony was that those monies were provided as a loan. The fact that the former wife had not repaid any of the monies as of the date of the evidentiary hearing on the petition to establish child support is, under the facts of this case, indicative of the former wife’s inability to do so and not, as the former husband argues, substantial proof of a gift.
On remand, the trial court is directed to award the former wife the entire amount of attorney’s fees she reasonably incurred in those proceedings below relating to the establishment of the former husband’s child support obligation.
REVERSED and REMANDED.
PALMER and COHEN, JJ., concur.

. The standard of review for an award or denial of attorney’s fees in a dissolution of marriage action is abuse of discretion. Gunn v. Ubbels, 101 So.3d 420 (Fla. 5th DCA 2012). However, to the extent that the trial court based its rulings on its interpretation of the law, a de novo standard of review applies. Thorpe v. Myers, 67 So.3d 338, 342 (Fla. 2d DCA 2011) (reviewing de novo trial court's denial of request for attorney’s fees in guardianship action based on interpretation of statute).

. Our standard of review on this issue is also de novo. See Muir v. Muir, 925 So.2d 356, 358 (Fla. 5th DCA 2006) ("Interpretation of a marital settlement agreement is a matter of law and places the appellate court on an equal footing with the trial court as an interpreter of the written document.”).