FIFTH DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

Case No. 5D22-2029
LT Case No. 2018-DR-050123

_____

AMBER R. BRATSCH,

    Appellant,

    v.

JOSEPH R. BRATSCH,

    Appellee.

_____

On appeal from the Circuit Court for Brevard County.
Robert Segal, Judge.

Elizabeth Siano Harris, of Harris Appellate Law Office, Mims, for
Appellant.

Erin Pogue Newell and Shannon McLin, of Florida Appeals,
Orlando, and Maria Vaeth Henderson, of Henderson Law Group,
Viera, for Appellee.

October 27, 2023

PER CURIAM.

    In this marital dissolution appeal, we affirm the trial court's
final judgment in all respects, except for its determination as to
the former wife's motion for attorney's fees and costs incurred in
the trial court proceedings.

In denying both parties' motions for litigation expenses, the trial court stated that the wife has "borrowed significant funds from her parents but presented no evidence, other than her mother's testimony, of a specific obligation to repay that money." The record evidence, however, is that although a written agreement to repay the former wife's mother did not exist, the former wife specifically testified that she promised to pay all funds loaned back ("I told them I would pay them back and I will do so."). In addition, her mother testified that she and her husband loaned their daughter roughly $110,000 to pay for a portion of the daughter's attorneys' fees (Q. "Is Amber expected to pay this money back to you?" A. "She is.") and that she has been repaying the financial obligation. No evidence suggests that the borrowed funds were a gift. *Caryi v. Caryi*, 119 So. 3d 508, 511 (Fla. 5th DCA 2013) ("While the evidence did establish that the former wife's parents had provided the funds to pay her litigation expenses, the uncontroverted testimony was that those monies were provided as a loan."). We also note that the trial court stated that the litigation costs were "almost entirely" attributable to the former wife's decision to relocate, but failed to mention that it was the trial court's sua sponte ruling, which overturned its finding that the wife had relocated prior to the former husband's filing of the dissolution petition, that forced the former wife to incur these substantial costs.

In light of the record evidence establishing that the former wife agreed to pay back the borrowed funds, that she has been making payments, and that no evidence exists to contradict the testimony of the former wife and her mother, the final judgment's determination that the former wife is not entitled to a contribution from the former husband for her attorneys' fees is vacated. On remand, the trial court shall reconsider the former wife's motion for attorneys' fees and costs and enter an appropriate order consistent with this opinion.

REVERSED in part, and REMANDED with instructions.

EDWARDS, C.J., and MAKAR and BOATWRIGHT, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____