ON MOTION FOR REHEARING, CLARIFICATION, AND FOR REHEARING EN BANC
WOLF, Judge.
Appellant’s motion for clarification filed January 27, 1998, is granted; however, appellant’s motions for rehearing and rehearing en banc are denied. The court’s opinion filed January 12, 1998, is withdrawn, and the following clarified opinion is substituted.
Curtis Guyton appeals from a final judgment awarding Yellow Freight, Inc. - post-judgment interest and attorney’s fees arising out of an action for an equitable share of a tort judgment as a result of a workers’ compensation lien. Only one of appellant’s four issues has'any mérit: Whether the trial court erred in awarding $17,000 in attorney’s fees to Yellow Freight without holding an eviden-tiary hearing. We determine that this was error, and we reverse and remand that portion of the order assessing the amount of attorney’s fees for the trial court to conduct an evidentiary hearing on this matter. We affirm as to all other issues raised.
In a July 1996 order addressing both parties’ motions for attorney’s fees and costs, the trial court directed Yellow Freight to file affidavits concerning its claim of attorney’s fees within 20-days, and granted the plaintiff 10 days thereafter to file “whatever response they deem appropriate.” Pursuant to that order, Yellow Freight submitted an affidavit with a list of costs and charges. The plaintiff/appellant filed a motion for evidentiary hearing on the attorney’s fees issue. No hearing was held. On September 11, 1996, the trial court entered an order awarding $17,000 in attorney’s fees to Yellow Freight. Plaintifffappellant sought a rehearing on the order awarding attorney’s fees, which was denied. Appellant is entitled to an evidentia-ry hearing as to the reasonableness of the amount of fees. See Fowler v. First Fed. Savings & Loan Ass’n of Defuniak Springs, 643 So.2d 30, 33 (Fla. 1st DCA 1994), rev. denied, 658 So.2d 990 (Fla.1995). There is nothing in the record to indicate that appellant waived this right.
Reversed and remanded with directions to hold an evidentiary hearing on attorney’s fees.
BOOTH and JOANOS, JJ., concur.