FARMER, C.J.
The parties settled their dissolution of marriage action, and the Circuit Court in Palm Beach County entered a final judgment specifically approving their agreement, including terms pertaining to visitation of their minor child by the father. Later, when disagreements arose as to visitation, the father sought a transfer to the Circuit Court in Broward County, which was granted. The first instance of the file appearing before the newly assigned judge was to approve the settlement of their post judgment disagreement as to visitation. The trial court entered orders (order) approving it.
Some three months later the mother filed a motion for contempt, alleging that the father had failed to pay her attorney’s fees as provided in the final judgment. The father then filed his own motion for contempt, alleging the refusal of the mother to appear for a deposition. In neither motion was there any request to modify the recent order approving the settlement as to the visitation agreement.
At the conclusion of the hearing on the contempt motions, the trial judge entered a “sua sponte” order vacating the earlier order approving the settlement of the visitation disagreement. The sua sponte order stayed all visitation pending compliance with some newly imposed provisions for counseling specified by the court in the order. On appeal the father argues that the trial court improperly addressed matters not mentioned in any notice of hearing and not requested by any party in any pre-hearing filings. We agree and reverse.
There is no transcript of the hearing. The hearing was held on a “Motion Calendar,” which in Broward County does not permit the introduction of evidence. In arguing to sustain the sua sponte order, *464 the mother asserts that without a transcript we do not know what evidence might have been adduced or whether the father consented to the court’s action or instead failed to object to it. The mother does not assert that any evidence was adduced at the hearing or that the father actually consented to the court’s consideration of the issue or, contrarily, failed to object to it. Rather, the mother simply says that without a transcript we do not know what happened at the hearing that resulted in the sua sponte order.
The requirements of a prior pleading, petition or motion seeking relief, and notice that it will be considered by the court at the hearing, are no mere inconveniences easily dispensed with. Except in circumstances of exigency made undeniably clear in the record, these requirements are indispensable to the essential demands of procedural due process. They are conspicuously lacking here, and no necessity for dispensing with them has been suggested. Nor did the trial judge refer to any testimony taken at the hearing or recite in the order that the father had consented or waived objection to a reconsideration of the issue.
As we observed, evidence is not customary in matters heard on Motion Calendars in Broward County, so the failure of a party to have a court reporter present is understandable. Such hearings are ordinarily thought to be “record” hearings in which routine disagreements as to matters of procedure or less complex legal questions apparent in the record can be quickly thrashed out. Having post judgment motions for contempt initially addressed at such a motion calendar hearing also makes some sense. Doing so enables the judge to set a date for an evidentiary hearing and also to make provision for any more formal notices on which a contempt finding must necessarily be predicated.
In this instance, we think the mother’s attempt to place the burden on the father to show in a transcript the absence of consent, or that he objected, is not well taken. Because neither the trial judge nor the mother contends that any evidence was actually adduced, or that the father did in fact consent to a consideration of the matter, or even that he failed to object thereto, we see no necessity for a transcript to resolve whether he might have done something that no one suggests he actually did. The record papers sufficiently establish that before the hearing neither party sought a reconsideration of the visitation order or anything related to it. Neither does anything in any of the papers we have been provided suggest or hint at any emergency requiring such extraordinary procedures by a trial judge.
We therefore reverse the order in question and remand for such further action as may be warranted by the filings of the parties.
STONE and GROSS, JJ., concur.