MORRIS, Judge.
The homeowners in these seventeen consolidated cases appeal final summary judgments of foreclosure entered in favor of the National Credit Union Administration (NCUA). We affirm the final judgments without comment, with the exception of the portions of the judgments awarding attorney’s fees to the NCUA, which we reverse.
At the conclusion of the hearing on the NCUA’s motions for summary judgments, the trial court stated that if it ruled in favor of the NCUA on the motions for summary judgments, the court would reserve ruling on the issue of attorney’s fees. The parties agreed that they would deal with the issue of attorney’s fees later. But no hearing on attorney’s fees was ever conducted, and when the trial court entered its final judgments of foreclosure, the trial court found that “based upon the affidavits presented and upon inquiry of counsel for [the NCUA] that J0.J5 hours were reasonably expended by [the NCUA’s] counsel and that an hourly rate of $100-$300 is reasonable.”
On appeal, the homeowners argue that they were entitled to a hearing on attorney’s fees and that because they did not waive such a hearing, the fee award must be reversed. The NCUA conceded at oral argument that a reversal is necessary on this issue. We agree that because the *611 homeowners did not waive their right to a hearing on attorney’s fees, the fee award should be reversed and remanded for a hearing. See Zumpf v. Countrywide Home Loans, Inc., 48 So.3d 764, 766 (Fla. 2d DCA 2010) (holding that in a foreclosure case, attorney’s fees are not liquidated damages and therefore require an evidentiary hearing: “[a]bsent an eviden-tiary hearing, the fee award will be reversed for a hearing unless there is an indication that the right to a hearing was waived” (citing Guyton v. Leonard Dewey Wilkinson Action Welding Supply, Inc., 707 So.2d 885, 886 (Fla. 1st DCA 1998))).
Affirmed in part; reversed in part; remanded.
KELLY and CRENSHAW, JJ., Concur.