DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ADRIANNA MIHALYI,**
Appellant,

v.

**LASALLE BANK, N.A.**
Appellee.

No. 4D13-2447

[October 29, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE07036944

Mark Booth and Romney C. Rogers Jr. of Rogers Morris & Ziegler LLP, Fort Lauderdale, for appellant.

Marc James Ayers and Mary Ann Couch of Bradley Arant Boult Cummings LLP, Birmingham, for appellee.

CONNER, J.

Adrianna Mihalyi appeals the trial court's order denying her motion for attorney's fees, which she filed after LaSalle Bank voluntarily dismissed its foreclosure action. She argues that she is entitled to recover prevailing party attorney's fees pursuant to section 57.105(7), Florida Statutes (2007), and the attorney's fees provision in her mortgage. We agree.

LaSalle Bank initiated foreclosure proceedings against Mihalyi, and she filed an answer and affirmative defense in which she sought attorney's fees and costs "under the terms and conditions of the Note and Mortgage sued upon." Approximately four years later, the trial court issued a notice of lack of prosecution, giving LaSalle Bank sixty days to create record activity. LaSalle Bank filed a notice of voluntary dismissal without prejudice and the court dismissed the case. A week later, Mihalyi filed her motion for attorney's fees, citing the attorney's fee provision in the note and mortgage. Section twenty-two of the mortgage provides that the "[l]ender shall be entitled to collect all expenses incurred in pursuing the remedies . . . including, but not limited to, reasonable attorney's fees and

costs." The trial court denied her motion.

On appeal, Mihalyi argues she is entitled to recover prevailing party attorney's fees pursuant to section 57.105(7) and the attorney's fees provision in the note and mortgage, because LaSalle Bank voluntarily dismissed the foreclosure action. LaSalle Bank does not dispute that section 57.105(7) permits Mihalyi to claim fees as the prevailing party. However, LaSalle Bank argues that Mihalyi failed to provide any evidence as to the reasonableness of the fees.

A trial judge's ruling on a motion for attorney's fees "is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion." *Turovets v. Khromov*, 943 So. 2d 246, 248 (Fla. 4th DCA 2006) (quoting *DiStefano Constr., Inc. v. Fid. & Deposit Co. of Md.*, 597 So. 2d 248, 250 (Fla. 1992)) (internal quotation marks omitted). However, where entitlement depends on the interpretation of a statute or contract the ruling is reviewed *de novo*. *Stevens v. Zakrzewski*, 826 So. 2d 520, 521 (Fla. 4th DCA 2002).

A claim for attorney's fees, whether based on statute or contract, must be pled. *Stockman v. Downs*, 573 So. 2d 835, 837 (Fla. 1991). A party pleading entitlement to attorney's fees must also move the trial court for the same and present proof of fees within a reasonable time after the judgment is entered. *McAskill Publ'ns, Inc. v. Keno Bros. Jewelers, Inc.*, 647 So. 2d 1012, 1012 (Fla. 4th DCA 1994). Once fee entitlement is determined, the party requesting the fees is entitled to an evidentiary hearing as to the reasonableness of the amount of fees. *See Guyton v. Leonard Dewey Wilkinson Action Welding Supply, Inc.*, 707 So. 2d 885, 886 (Fla. 1st DCA 1998).

A plaintiff's voluntary dismissal makes a defendant the "prevailing party" within the meaning of subsection 57.105(7), even if the plaintiff refiles the case and prevails. *Nudel v. Flagstar Bank, FSB*, 60 So. 3d 1163, 1165 (Fla. 4th DCA 2011). Subsection 57.105(7) states:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

The statute makes a unilateral contract clause for attorney's fees bilateral in effect. *Indem. Ins. Co. of N. Am. v. Chambers*, 732 So. 2d 1141, 1143

(Fla. 4th DCA 1999). Assuming the request for attorney's fees is properly pled, "[t]he award is mandatory, once the lower court determines that a party has prevailed." *Holiday Square Owners Ass'n v. Tsetsenis*, 820 So. 2d 450, 453 (Fla. 5th DCA 2002) (citation omitted).

Since LaSalle Bank voluntarily dismissed the foreclosure action against Mihalyi, she is the prevailing party. In her answer and affirmative defense, Mihalyi properly pled her claims for attorney's fees, pursuant to the attorney's fee provision in her mortgage.[1] Then she filed a motion for attorney's fees within thirty days of the service of voluntary dismissal, in compliance with Florida Rule of Civil Procedure 1.525.

The trial court determined Mihalyi's entitlement to attorney's fees at a motion calendar hearing, which was most likely a non-evidentiary hearing. *See D'Amato v. D'Amato*, 848 So. 2d 462, 463-64 (Fla. 4th DCA 2003) (explaining that Broward County does not permit the introduction of evidence at "Motion Calendar" hearings). Therefore, contrary to LaSalle Bank's arguments, Mihalyi did not have the opportunity to submit evidence and the trial court would not have reached the issue of the reasonableness of the fees at the hearing.

The record reveals Mihayli is entitled to prevailing party attorney's fees and to an evidentiary hearing on the reasonableness of the amount of fees.

---

[1] Mihalyi did not refer to section 57.105(7) in her answer and affirmative defense seeking an award of attorney's fees. However, in *Landry v. Countrywide Home Loans, Inc.*, 731 So. 2d 137 (Fla. 1st DCA 1999), the court addressed a situation in which the defensive pleading sought attorney's fees pursuant to section 57.105(2), Florida Statutes (1999) (subsequently renumbered as 57.105(7)) with no reference to the underlying contract. The court stated that because the promissory note was executed after the effective date of section 57.105(2), "appellants' initial request for attorney's fees was set forth in their answer with a specific reference to the applicable statute, and, *by implication*, to the contract, upon which the claim was made." *Id.* at 140 (emphasis added). The court found the award of attorney's fees proper even though the underlying contract was not mentioned in the pleading seeking fees. Here, Mihalyi's answer and affirmative defense put LaSalle Bank on notice that she was seeking fees pursuant to the contract, and, by implication, put LaSalle Bank on notice that section 57.105(7) would be applicable. Moreover, "[w]here a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." *Tri-County Dev. Grp., Inc. v. C.P.T. of S. Fla., Inc.*, 740 So. 2d 573, 574 (Fla. 4th DCA 1999) (citation omitted). LaSalle Bank did not move to strike the portion of the answer and affirmative defense seeking an award of attorney's fees.

Accordingly, we reverse and remand for a determination of the reasonableness of the fees.

*Reversed and Remanded for further proceedings*

LEVINE and KLINGENSMITH, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**