DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PRIME GROUP, LLC**, and its wholly owned affiliates and subsidiaries, **SHERIDAN 46 INVESTMENT GROUP, LLC, PRIME GROUP INTERNATIONAL, LLC, PRIME DESIGN ASSOCIATES, LLC, PRIME AUTO GROUP, LLC, PRIME GENCORE, LLC, PRIME INVESTORS & DEVELOPERS, LLC**, d/b/a **PRIME HOMEBUILDERS** and its wholly owned affiliates and subsidiaries, **PORTOFINO BUILDERS SOUTH, INC., PORTOFINO VISTA BUILDERS, LLC, PRIME ENTERPRISES, LLC, PRIME COMMERCIAL DEVELOPERS, LLC, PRIME HOLDINGS GROUP, LLC, PRIME HOLDINGS GROUP II, LLC, PRIME HOLDINGS GROUP III, LLC, PRIME HOLDINGS GROUP V, LLC, PRIME HOMES AT PORTOFINO MEADOWS, LLC, PRIME HOMES AT SHERIDAN PLAZA, LLC, PRIME MARKETINGS AND SALES, LLC, PRIME GENERAL, LLC, PRIME HOMES OF FLORIDA, LLC, PRIME HOMEBUILDERS, INC., PRIME HOMES AT PORTOFINO PROFESSIONAL CENTER, LLC, VILLA PORTOFINO EAST BUILDERS, INC., THE FALLS OF PORTOFINO BUILDERS, LLC, VILLA PORTOFINO EAST COMMERCIAL BUILDERS, INC., VILLA PORTOFINO WEST COMMERCIAL BUILDERS, INC., PORTOFINO VILLAGE BUILDERS, LLC, PORTOFINO VILLAGE COMMERCIAL BUILDERS, INC., PORTOFINO COVE BUILDERS, INC., PORTOFINO LANDINGS BUILDERS, INC., PORTOFINO LANDINGS COMMERCIAL BUILDERS, LLC, PORTOFINO SPRINGS BUILDERS, LLC, PORTOFINO PRESERVE BUILDERS, LLC, PORTOFINO VINEYARDS BUILDERS, LLC, PRIME HOMES AT PORTOFINO PLAZA, LLC, PRIME HOMES AT PORTOFINO PLAZA RETAIL, LLC, UNIVERSAL CAPITAL FUND, LLC, PRIME HOMES, INC.**,
Petitioners,

v.

**JEANNETTE ABBO,**
Respondent.

No. 4D15-1688

[August 12, 2015]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale C. Cohen, Judge; L.T. Case No. FMCE 07-8949 37/93.

Richard J. Sarafan and Michael L. Schuster of Genovese Joblove & Battista, P.A., Miami, for petitioners.

Terrence P. O'Connor of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for respondent.

PER CURIAM.

We grant the petition for writ of certiorari, quash the April 29, 2015 order of the trial court, and remand for further proceedings. The challenged order found that petitioners had waived accountant-client privilege[1] at an earlier, September 16, 2014 hearing. Such finding is facially erroneous because, at the time of the September 16, 2014 hearing, the accounting firm had not yet provided the list of documents to which petitioners could direct an assertion of privilege. The result of the April 29, 2015 order was that the trial court found a waiver of the accountant-client privilege without first affording petitioners notice or an opportunity to object.

There are no transcripts of either hearing as each hearing was held on a "uniform motion calendar" where the introduction of evidence is not permitted. *D'Amato v. D'Amato*, 848 So. 2d 462, 463–64 (Fla. 4th DCA 2003). Nonetheless, we may consider the propriety of the April 29, 2015 order because the error in finding a waiver of an assertion of privilege without notice or evidentiary basis is apparent on the face of the order. *Young v. Levy*, 140 So. 3d 1109, 1111–12 (Fla. 4th DCA 2014); *Celebrity Cruises, Inc. v. Fernandes*, 149 So. 3d 744, 749 n.3 (Fla. 3d DCA 2014). The trial court's April 29, 2015 order was erroneous on its face because the court determined that petitioners waived the accountant-client privilege without conducting an evidentiary hearing either on that date or at the September 16, 2014 hearing. *Eight Hundred, Inc. v. Fla. Dep't of Revenue*, 837 So. 2d 574, 576 (Fla. 1st DCA 2003).

---

[1] Section 90.5055, Florida Statutes, entitled "Accountant-client privilege," states in relevant part that

> (2) A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client. This privilege includes other confidential information obtained by the accountant from the client for the purpose of rendering accounting advice.

§ 90.5055(2), Fla. Stat. (2015).

*Petition granted; order quashed; and case remanded for further proceedings consistent with this opinion.*

WARNER, STEVENSON and GERBER, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**