DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANDREA L. LAUX,**
Appellant,

v.

**KENNETH A. LAUX,**
Appellee.

No. 4D18-1172

[March 6, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kathleen J. Kroll, Judge; L.T. Case No. 50-2013-DR-004204-XXXXNB.

Abigail Beebe of The Law Office of Abigail Beebe, P.A., West Palm Beach, for appellant.

Joseph R. Fields, Jr. of Fields Legal, LLC, West Palm Beach, for appellee.

DAMOORGIAN, J.

Andrea Laux ("Former Wife") appeals the trial court's order denying her request for attorney's fees in her enforcement action against Kenneth Laux ("Former Husband"). Former Wife argues that the trial court erred by construing the attorney's fees provision in the parties' marital settlement agreement ("MSA") as a waiver of the right to seek fees in future enforcement actions. We agree and reverse.

The parties were divorced in 2014 following a long-term marriage. They resolved the typical issues associated with dissolving a marriage by entering into a MSA, which was incorporated into the final judgment of dissolution of marriage. The MSA contained the following provision:

> **11. Attorneys Fees**. Each party shall be responsible for their respective attorney's fees, if any are incurred.

The MSA was silent as to attorney's fees in future enforcement or modification proceedings.

Sometime later, Former Wife moved for enforcement of the MSA based on Former Husband's failure to provide documents associated with his pension. Former Wife also requested attorney's fees as a sanction pursuant to section 61.16, Florida Statutes, and *Rosen v. Rosen*, 696 So. 2d 697 (Fla. 1997). Following a hearing, the court granted Former Wife's request for enforcement but took the issue of fees under advisement, questioning whether Former Wife waived the right to seek an attorney's fees award by way of the attorney's fees provision in the MSA. The court later entered an order denying Former Wife's requests for attorney's fees without further comment. This appeal follows.

Generally, a trial court's ruling on a motion for attorney's fees is reviewed for abuse of discretion. *Mihalyi v. LaSalle Bank, N.A.*, 162 So. 3d 113, 114 (Fla. 4th DCA 2014). However, because entitlement to attorney's fees in this case depends on the interpretation of a contract, the court's ruling is reviewed de novo. *Id.*

"When an attorney's fees provision in a marital settlement agreement does not contain *specific language* waiving attorney's fees in future enforcement or modification proceedings, Florida courts have found that these fees are not waived." *Caryi v. Caryi*, 119 So. 3d 508, 511 (Fla. 5th DCA 2013) (emphasis added) (provision in the MSA stating that "[t]he parties shall each be responsible for his or her own attorneys' fees and costs associated with this matter" did not reflect an intent to waive the right to seek attorney's fees in a future proceeding to establish child support); *see also Tucker v. Greenberg*, 674 So. 2d 807, 809–10 (Fla. 5th DCA 1996) (provision stating that "[e]ach party shall be solely responsible for the payment of his or her own attorney's fees and costs; provided, however, that should a party contest or fail to abide by any of the provision of this Agreement, then said party shall be obligated to pay a reasonable fee to the other party's attorney" did not preclude an award of attorney's fees in future *modification* proceedings because the provision did not specifically address the issue of attorney's fees in modification proceedings); *Planes v. Planes*, 477 So. 2d 42, 42–43 (Fla. 3d DCA 1985) (provision in MSA stating that former wife waives "any and all claims that she now has, or may ever have, to alimony, suit money, and attorney's fees" did not prevent an award of attorney's fees under section 61.16 in an MSA enforcement proceeding).

In the present case, the attorney's fees provision in the MSA merely provides that "[e]ach party shall be responsible for their respective attorney's fees, if any are incurred." The provision does not address, let alone address with specificity, the issue of attorney's fees in future

2

enforcement proceedings.  Accordingly, as there is no specific language in the MSA reflecting an intent by either party to waive the right to seek attorney's fees in future enforcement proceedings, the trial court erred in denying Former Wife's request for fees based on the MSA.  *Caryi*, 119 So. 3d at 511; *Tucker*, 674 So. 2d at 809–10; *Planes*, 477 So. 2d at 42–43.

Accordingly, we reverse the order denying fees and remand for consideration of the appropriateness of a fee award pursuant to section 61.16, Florida Statutes.  *See Powers v. Powers*, 193 So. 3d 1047, 1048 (Fla. 2d DCA 2016).

*Reversed and remanded.*

WARNER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***