DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HCA HEALTH SERVICES OF FLORIDA, INC. d/b/a
ST. LUCIE MEDICAL CENTER,**
Appellant,

v.

**JO ANN BERLIN, M.D.,**
Appellee.

No. 4D2022-2652

[April 17, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 2018CA002142.

Walter J. Tache, Magda C. Rodriguez, and Stefano Battistoni of Tache, Bronis and Descalzo, P.A., Miami, for appellant.

Richard H. Levenstein and Terry E. Resk of Nason, Yeager, Gerson, Harris & Fumero, P.A., Palm Beach Gardens, for appellee.

ARTAU, J.

This is an appeal from a final judgment denying statutory trial and appellate attorneys' fees to HCA Health Services of Florida, Inc. d/b/a St. Lucie Medical Center ("HCA"). In the order on review, the trial court determined that, despite HCA's prevailing party status in both the trial court and a prior appeal, the delay in scheduling the hearing on the amount of fees to be awarded deprived the trial court of jurisdiction to award any fees to HCA. We disagree and reverse.

**Background**

Jo Ann Berlin, M.D. ("Berlin") sued HCA. The trial court dismissed the action with prejudice. HCA timely sought statutory attorneys' fees from Berlin in the trial court within thirty days of entry of the order of dismissal. We later affirmed the trial court's dismissal of the action. We also conditionally granted HCA's motion for appellate attorneys' fees subject to the trial court determining the amount of fees to be awarded for the appeal.

On remand, HCA sought to have the trial court consider in a combined hearing its claims to both trial and appellate level attorneys' fees. Thereafter, the parties jointly moved to bifurcate the trial court's fee entitlement determination from the issue of the reasonableness of the amount of fees to be awarded. The trial court granted this joint request for bifurcation and ordered the parties to schedule a fee entitlement hearing within a set number of days. The trial court also ordered that, in the event entitlement was determined in HCA's favor, "the [p]arties will have 90 days thereafter to conduct any discovery and set an evidentiary hearing to determine the amount of the award." The trial court later granted the parties' joint motion seeking an extension of time within which to conduct the fee entitlement hearing, indicating that "[a]ll remaining deadlines" in the bifurcation order "remain in full force and effect."

The trial court ultimately conducted a hearing and determined the issue of fee entitlement in HCA's favor. Over a year later, HCA set for hearing the issue of the amount of trial and appellate attorneys' fees to be awarded.

At the hearing, the trial court questioned its jurisdiction to consider the issue because HCA had failed to set the hearing for that purpose "within 90 days" after the determination of fee entitlement as required by the prior bifurcation order. Relying on this court's opinions in *Mihalyi v. LaSalle Bank, N.A.*, 162 So. 3d 113 (Fla. 4th DCA 2014), and *McAskill Publications, Inc. v. Keno Brothers Jewelers, Inc.*, 647 So. 2d 1012 (Fla. 4th DCA 1994), the trial court determined that "the jurisdiction of the court is not never-ending" and HCA's "unreasonable tardiness" in setting the hearing on the amount of fees to be awarded deprived it of jurisdiction to award any trial or appellate attorneys' fees. The trial court therefore denied all attorneys' fees requested by HCA, including the appellate attorneys' fees which we had conditionally granted.

**Analysis**

"Generally, a trial court's ruling on a motion for attorney[s'] fees is reviewed for abuse of discretion." *Laux v. Laux*, 266 So. 3d 217, 218 (Fla. 4th DCA 2019). However, a trial court ruling with respect to either jurisdiction, or the proper interpretation of the Florida Rules of Civil Procedure, is reviewed de novo. *See AmerUs Life Ins. Co. v. Lait*, 2 So. 3d 203, 205 (Fla. 2009) (explaining that "the interpretation of the [supreme] [c]ourt's rules" are "question[s] of law subject to de novo review"); *Giuffre v. Edwards*, 226 So. 3d 1034, 1037 (Fla. 4th DCA 2017) (concluding that "a trial court's determination on jurisdiction is reviewed de novo").

2

Florida Rule of Civil Procedure 1.525, which became effective in 2001, provides:

> Any party seeking a judgment taxing costs, attorneys' fees, or both *shall serve a motion no later than 30 days after filing of the judgment*, including a judgment of dismissal, or the service of a notice of voluntary dismissal, *which* judgment or notice *concludes the action as to that party.*

Fla. R. Civ. P. 1.525 (emphasis added); *see also Saia Motor Freight Line, Inc. v. Reid*, 930 So. 2d 598, 599 (Fla. 2006) (noting the January 1, 2001, effective date of rule 1.525).

Rule 1.525 "established a bright-line time requirement for motions for costs and attorney[s'] fees which the Rules of Civil Procedure had not previously contained." *Saia*, 930 So. 2d at 600. As explained by our sister court in *Diaz v. Bowen*, 832 So. 2d 200 (Fla. 2d DCA 2002), rule 1.525 "establish[ed] a bright-line rule to resolve the uncertainty surrounding the timing of these posttrial motions[.]" *Id.* at 201; *see also AmerUs*, 2 So. 3d at 205 ("As the committee notes to rule 1.525 state, the new rule '[was] intended to establish a time requirement to serve motions for costs and attorneys' fees.'" (alteration in original) (quoting Fla. R. Civ. P. 1.525 note)).

Here, the trial court concluded that it lost jurisdiction to determine the amount of trial and appellate level attorneys' fees to award HCA, given HCA's "unreasonable" delay in setting for hearing the matter of the amount of fees to be awarded.

However, rule 1.525's only jurisdictional time limit is the thirty-day time frame for filing a motion seeking fees or costs. Rule 1.525 imposes no jurisdictional time limit for the scheduling of a hearing on the matter of the amount to be awarded after a motion seeking fees or costs has been timely filed. The trial court therefore erroneously determined that it lost jurisdiction to determine the amount of fees to be awarded to HCA.

The trial court's reliance on *Mihalyi* and *McAskill* as support for the denial of all fees to HCA on jurisdictional grounds was misplaced.

*McAskill* predates rule 1.525's promulgation. Accordingly, *McAskill* has no bearing on the trial court's ability to award fees in this case pursuant to rule 1.525. *See AmerUs*, 2 So. 3d at 205 (noting that, "[p]rior to the adoption of rule 1.525, the general rule was that a party seeking attorneys' fees and costs had to file a motion within a 'reasonable time' after entry of a judgment" (citing *Stockman v. Downs,* 573 So. 2d 835 (Fla.

1991))).

While *Mihalyi* postdates rule 1.525's promulgation, we do not read *Mihalyi*'s citation to *McAskill* as standing for the proposition that despite a timely filed motion for attorneys' fees or costs, proof as to the amount of such fees or costs must be presented within a reasonable time after judgment for the trial court to have continuing jurisdiction to award them.

In *Mihalyi*, a prevailing defendant appealed the denial of her motion for attorneys' fees filed a week after the plaintiff had voluntarily dismissed the action. 162 So. 3d at 114 (noting timing of defendant's fee motion). We reversed, concluding the record revealed the defendant's entitlement "to prevailing party attorneys' fees and to an evidentiary hearing on the reasonableness of the amount of fees" given that the defendant's motion for attorneys' fees was filed "within thirty days of the service of [the] voluntary dismissal, in compliance with [rule] 1.525." *Id.* at 115.

Thus, *Mihalyi* recognized that a trial court has continuing jurisdiction to determine a fee award if, as rule 1.525 provides, a motion for attorneys' fees is timely brought within the thirty days.

We acknowledge that a trial court may impose sanctions against a party for not adhering to reasonable case management deadlines. However, "*Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), establishes the process which a trial court must follow [to impose] a sanction for failure to adhere to a deadline." *Massey v. Thomas*, 342 So. 3d 680, 684 (Fla. 4th DCA 2022).

The trial court's denial of fees in this case cannot be construed as a *Kozel* sanctions order because the record does not indicate the trial court either considered the *Kozel* factors or made any explicit findings as to those factors before denying all trial and appellate attorneys' fees to HCA. *See Chappelle v. S. Fla. Guardianship Program, Inc.*, 169 So. 3d 291, 294-95 (Fla. 4th DCA 2015) (reversing trial court's entry of judicial default as a sanction where trial court failed to consider *Kozel* factors or make explicit findings as to each factor before imposing the sanction).

**Conclusion**

We therefore reverse the denial of trial and appellate attorneys' fees to HCA because the delay in scheduling a hearing to determine the amount of fees to be awarded pursuant to HCA's timely filed motion did not deprive the trial court of jurisdiction to award fees. On remand, the trial court is directed to conduct further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

MAY and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**