DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ROBERT FARRINGTON,

Appellant,

v.

CARRINGTON MORTGAGE SERVICES, LLC, and REX BEACH,
as trustee of the 1523 Mohawk Land Trust under the Trust
Agreement dated February 9, 2008,

Appellees.

No. 2D2023-2290

_____

March 5, 2025

Appeal from the Circuit Court for Hillsborough County; Anne-Leigh
Gaylord Moe, Judge.

Blake J. Fredrickson of Fredrickson Law Group, P.A., Tampa, for
Appellant.

Bradford Petrino of Lender Legal PLLC, Orlando, for Appellee Carrington
Mortgage Services, LLC.

No appearance for Appellee Rex Beach, as trustee of the 1523 Mohawk
Land Trust under the Trust Agreement dated February 9, 2008.

SLEET, Chief Judge.

Robert Farrington challenges the final judgment of foreclosure

entered against him and in favor of Carrington Mortgage Services, LLC.

Because the trial court awarded attorney's fees without holding an evidentiary hearing as to the reasonableness of the amount, we reverse that portion of the final judgment and remand for further proceedings as to fees. We affirm the final judgment in all other respects.

In moving for summary judgment on its foreclosure complaint, Carrington asked the trial court to "award Plaintiff all of its costs and attorney's fees expended in this matter." To that end, on May 22, 2023, the same day that it filed its summary judgment motion, Carrington also filed its affidavit of reasonable attorney's fees, averring that $225 an hour was a reasonable fee for attorney time, that $215 an hour was a reasonable fee for "attorney and paralegal time," and that $85 an hour was a reasonable paralegal fee. The affidavit also stated that as of that time in the litigation, Carrington's counsel had expended 28.11 attorney hours, .85 paralegal hours, and 3.75 hours of "attorney and paralegal time" and that at the stated rates and with the addition of "flat fee billing of $2,945," the total reasonable fees incurred were $10,148.25.

Although there were no attachments to Carrington's May 22, 2023, attorney's fees affidavit, Carrington had previously filed on January 31, 2022, an affidavit that had attached to it thirteen pages of time records detailing the work that amounted to a total fee at that time of $8,262.75. Those records, however, did not reflect the flat fee.

The record before this court does not include an affidavit dated after May 22, 2023, but Farrington alleges on appeal that the flat fee ultimately increased to $5,475, and the final judgment reflects that the total fee amount awarded increased to $12,678.25. And in his response in opposition to summary judgment, he objected to the fees as follows: "Plaintiff is seeking to recover various attorney's fees, including $5,475 in 'flat fees' and then an additional 32.71 hours in hourly fees. There is no

2

description of what the flat fee encompasses or how it differs from the other 37.71 hours allegedly incurred."

In the final judgment of foreclosure, the trial court included in its amounts owed by Farrington to Carrington attorney's fees in the amount of $12,678.25. However, the final judgment also, somewhat inconsistently, includes a section titled "Attorney's Fees" that states, "Plaintiff reserves jurisdiction to set an evidentiary hearing on its fees and/or costs."

This seems to be an acknowledgment that under Florida law the determination of the amount of a reasonable award of attorney's fees requires an evidentiary hearing. *See Zumpf v. Countrywide Home Loans, Inc.*, 43 So. 3d 764, 766 (Fla. 2d DCA 2010) (explaining in a foreclosure action that although "unpaid principal and interest are 'liquidated damages,' . . . '[r]easonable attorney's fees' generally are not liquidated damages and require a hearing" and that "[a]bsent an evidentiary hearing, the fee award will be reversed for a hearing unless there is an indication that the right to a hearing was waived"); *see also Wavra v. Nat'l Credit Union Admin. Bd.*, 86 So. 3d 609, 610-11 (Fla. 2d DCA 2012) ("We agree that because the homeowners did not waive their right to a hearing on attorney's fees, the fee award should be reversed and remanded for a hearing."); *Petrovsky v. HSBC Bank, USA*, 185 So. 3d 700, 701 (Fla. 4th DCA 2016) ("[W]e reverse the portion of the final judgment [of foreclosure] awarding attorney's fees without an evidentiary hearing."); *Guyton v. Leonard Dewey Wilkinson Action Welding Supply, Inc.*, 707 So. 2d 885, 886 (Fla. 1st DCA 1998) ("Appellant is entitled to an evidentiary hearing as to the reasonableness of the amount of [attorney's] fees."); *cf. United Auto. Ins. v. Pro. Med. Grp., Inc.*, 318 So. 3d 1261, 1262-63 (Fla. 3d DCA 2021) (reversing where trial court canceled a scheduled evidentiary hearing on reasonableness of attorney's fees and instead

"provided a list of discovery procedures the parties may employ at their discretion" and stating that "Florida law does not permit a trial court to substitute discovery procedures for an evidentiary hearing on unliquidated damages").

Here, nothing in the record indicates that Farrington waived his right to an evidentiary hearing, and in his response in opposition to summary judgment, he specifically objected to the amount sought by Carrington. "[W]hen there is an objection to an attorney's fee award, 'a trial court cannot rely on affidavits . . . to assess attorney's fees, since they are hearsay.' " *Forte v. All Cnty. Towing Inc.*, 336 So. 3d 316, 319 (Fla. 4th DCA 2022) (quoting *Roggemann v. Bos. Safe Deposit & Tr. Co.*, 670 So. 2d 1073, 1075 (Fla. 4th DCA 1996)). Furthermore, none of the affidavits in our record reflect the total amount of $12,678.25, and the time records only reflect work done through January 2022, when the total incurred was only $8,262.75. Accordingly, contrary to Carrington's assertions on appeal, our record does not reflect that the amount of fees awarded is supported by competent substantial evidence.

We therefore reverse the portion of the final judgment that awards $12,678.25 in attorney's fees and remand for an evidentiary hearing as to a reasonable fee amount. We affirm the judgment in all other respects.

Affirmed in part, reversed in part, and remanded.

LaROSE and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

4